UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22770-RAR

**OLUFOLAYINKA DADA,**

    Plaintiff,

v.

**JOHN ANDROSS,**
*Chief Credit Officer, Credit One Bank*, *et al.*,

    Defendants.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on July 25, 2023. *See* Compl., [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 ("IFP Application"), [ECF No. 3]. Upon screening the Complaint and reviewing the applicable law, the Court finds that it may lack subject matter jurisdiction over this action. Accordingly, Plaintiff must file an amended complaint that makes clear the Court possesses jurisdiction over this dispute.[1]

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During the initial screening, the court must

---

[1] A review of CM/ECF reflects that Plaintiff has recently filed two other complaints in this district—both of which have been dismissed to one extent or another *sua sponte*. *See Olufolayinka Dada v. Andrew M. Young*, No. 23-21889 (S.D. Fla.) (complaint dismissed without leave to amend); *Olufolayinka Dada v. Jeff Campbell et al.*, No. 23-22736 (S.D. Fla) (complaint dismissed with leave to amend).

identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

In addition to its obligation to screen a complaint filed by a litigant proceeding *in forma pauperis*, the Court must always assure it has jurisdiction over a case and "must inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). In other words, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

## **ANALYSIS**

Plaintiff brings two claims in this action: (1) a claim for breach of fiduciary duties; and (2) a claim for violation of 18 U.S.C. § 1028A.[2] Compl. at 6–7. Plaintiff invokes the Court's diversity

---

[2] Plaintiff's third count is simply for "[p]ersonal damages, [p]ain, and [s]uffering," and therefore only relates to his damages and is not a standalone claim.

jurisdiction, alleging he is a citizen of Rhode Island and Defendants are both citizens of Nevada. Compl. at 3. Given that Plaintiff also invokes a federal statute, the Court will assume he is also attempting to proceed under federal question jurisdiction. But federal question jurisdiction fails because Plaintiff's claim under 18 U.S.C. § 1028A is wholly frivolous. This is a federal criminal statute that penalizes "[a]ggravated identity theft," not a civil statute. 18 U.S.C. § 1028A. This count is therefore without arguable merit either in law or fact and fails to invoke federal question jurisdiction.

So, Plaintiff must meet the requirements of diversity jurisdiction for this case to proceed. It is unclear however, whether this Court has diversity jurisdiction. Plaintiff's form Complaint contains a section that asks him to describe why the amount in controversy has been met. Compl. at 3. In response, he states he is seeking "[t]he maximum daily amount of any civil penalty of could not [sic] exceeding $1,000,000 or or [sic] 1 percent of the total assets of such member bank as provided by 12 U.S. Code § 504." Compl. at 3–4. However, this provision is yet another federal statute that does not confer a private right of action. Instead, 12 U.S.C. § 504 is a statute governing civil penalties the government may impose on banks and affiliated parties. And Plaintiff's third "count" relating to damages contains no measure of his damages whatsoever—it simply includes general statements, such as alleging that Defendants have "caused irreparable damages to plaintiff [sic] marriage and family life." Therefore, the Court is left to speculate as to whether the amount in controversy requirement has been met in this matter and an amended complaint is warranted.[3]

---

[3] The Court notes that while further review might ultimately reveal Plaintiff's claims are frivolous or fail to meet federal pleading standards, the Court will not delve into these issues until it is clear it has jurisdiction to adjudicate them.

## **CONCLUSION**

Plaintiff is instructed to follow the directives articulated in this Order if Plaintiff still wishes to pursue this action. Thus, it is

**ORDERED AND ADJUDGED** as follows:

1. On or before **August 11, 2023**, Plaintiff must file an Amended Complaint that clarifies the basis of this Court's jurisdiction.

2. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

3. The Clerk's Office is **INSTRUCTED** to administratively close this case. Plaintiff is, in addition, warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed.

**DONE AND ORDERED** in Miami, Florida, this 28th day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**